# Exhibit 1

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| Approved, SCAO | 1st copy - Defendant | 3rd copy - Return |

| | | | |
|---|---|---|---|
| **STATE OF MICHIGAN** | | **CASE NO.** | |
| 20th    JUDICIAL DISTRICT<br>      JUDICIAL CIRCUIT<br>      COUNTY PROBATE | **SUMMONS** | 19-5760CZ<br>Hon. Jon Hulsing | |

Court address

414 Washington Avenue, Grand Haven, MI 49417       Court telephone no.

616-846-8320

| Plaintiff's name(s), address(es), and telephone no(s).<br>BRETT & PAULA LEMMEN FAMILY TRUST<br>ATTN: BRETT LEMMEN | v | Defendant's name(s), address(es), and telephone no(s).<br>Travelers Insurance Company, Inc.<br>One Tower Square<br>Hartford, CT 06183<br><br>P.O. Box 430<br>Buffalo, NY 14240 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>James A. Marek (P71554)<br>1 East Apple Avenue #B<br>Muskegon, MI 49442<br>231-722-0531 | | **CORPORATE LITIGATION<br>HARTFORD**<br><br>MAY 2 2 2019 |

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk. **RECEIVED AM**

## Domestic Relations Case

☑ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 5/8/2019 | Expiration date* 8/7/2019 | Court clerk JUSTIN F. ROEBUCK   By: Deborah A. Wicke |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

Deputy Clerk

MC 01 (4/18)   SUMMONS       MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

**SUMMONS**

Case No. 576OCZ

| PROOF OF SERVICE |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| ACKNOWLEDGMENT OF SERVICE |

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

BRETT AND PAULA LEMMEN
FAMILY TRUST, by Brett Lemmen,
Trustee
    Plaintiff

Case No.  19-5760 CZ
Hon. Jon Hulsi.

**RE-FILED**

MAY 08 2019

JUSTIN F. ROEBUCK
OTTAWA COUNTY CLERK/REGISTER
20th CIRCUIT COURT

v.

THE TRAVELERS INSURANCE COMPANY, INC.;
AJ GALLAGHER & COMPANY, INC., dba
Gallagher Charter Lakes, a Michigan
Corporation,
    Defendant(s)

| | |
|---|---|
| MAREK LAW GROUP, PLLC. | The Standard Insurance Company |
| Attorney for Defendant | Travelers Property Casualty Company |
| 1 East Apple Avenue #B | One Tower Square |
| Muskegon, MI 49442 | Hartford, CT 06183 |
| 231-722-0531 | |

AJ Gallagher & Company, Inc.
3940 Penninsular Drive SE--#100
Grand Rapids, MI 49546

## COMPLAINT

Now comes Brett and Paula Lemmen Family Trust, by and through their appointed Trustee, Brett Lemmen, as represented by Marek Law Group, PLLC, and brings this Complaint for damages against the afore-referenced Defendant's, jointly and severally, and in support hereof, provides as follows:

### GENERAL AVERMENTS

1. Brett Lemmen is an individual residing in the County of Ottawa, State of Michigan, and has been at all times relevant to this Complaint.

2. Brett Lemmen is the duly appointed Trustee of the Brett and Paula Lemmen Family Trust,("Lemmen") a duly executed Trust, recognized and formed in the State of Michigan, and has been at all times relevant to this Complaint.

3. Travelers Insurance Company, Inc., a Travelers Property Casualty Company, ("Travelers") is a duly registered Corporation, being duly registered for business in the State of Michigan, County of Ottawa, and was at all times relevant to this Complaint.

4. At all times relevant to this Complaint, Travelers Insurance Company, Inc., a Travelers Property Casualty Company, conducted business in the County of Ottawa, State of Michigan, sought business in the County of Ottawa, State of Michigan, and did issue insurance coverage to individuals and entities located in the County of Ottawa, State of Michigan.

5. A.J. Gallagher and Company, Inc., doing business as Gallagher Charter Lakes, ("Gallagher"), is a duly registered Michigan Corporation, conducting business in and throughout Ottawa County, Michigan, and was doing so at all times relevant to this Complaint.

6. Lemmen is the lawful and titled owner of a 2017 Sunseeker Manhattan motor yacht, Hull ID No. XSK06701c617, which yacht was and has been insured by Travelers at all times relevant to this Complaint, for damages, loss and protection.

## COUNT I
## COMPLAINT FOR DECLARATORY JUDGMENT

7. The Plaintiff restates and re-alleges paragraphs 1-6 of General Averments, as this paragraph 7 of Count I.

8. This action arises out of an insurance policy, Policy No. 6016954398401, entered into by and between the Lemmen and Travelers, on or about November 1, 2017. A true and correct copy of said insurance policy is attached hereto as Exhibit A.

9. The amount in controversy in this matter exceeds $125,000.00.

10. The policy of insurance is for protection afforded a 2017 Sunseeker Manhattan motor yacht, Hull ID No. XSK06701c617, owned and operated by Lemmen.

11. The policy of insurance, by its stated terms, was in effect from November 9, 2017 through November 9, 2018, and afforded insurance coverage to Plaintiff, by Traveler's, against liability, damages, towing fees, and other financial and property loss associated with the covered yacht.

12. The policy of insurance, by its stated terms, did provide certain additional policy coverage for Navigational Warranty Endorsements covering "one way delivery trip leaving Ft. Lauderdale, FL on or about April 1, 2018, via Atlantic Waters to New York, then via Hudson River and Erie Canal, Lake Ontario, Lake Huron, and Lake Michigan to Grand Haven, MI. Deductible during trip is 1%." See attached Exhibit A, incorporated herein by reference.

13. During a trip that occurred between November 9, 2017- and November 9, 2018, from Florida to Michigan, the Plaintiff and applicable yacht, ran aground and sustained certain damages, fees, and salvage fees.

14. Plaintiff has sought coverage for damages sustained to the yacht, and other towing and salvage fees, pursuant to and under the stated insurance policy, as a result of an accident occurring during travels from Florida to the State of Michigan.

15. Travelers have denied coverage to Plaintiff for the claimed damages, fees and salvage fees.

16. Plaintiff has filed a formal notice of claim, and claim for coverage with Travelers, and no coverage has been granted.

17. Under the afore-stated facts, there is an actual controversy that has arisen between the stated parties of record, and additional claims and litigation may be avoided if all pending issues and claims, including whether the applicable policy of insurance covers the claims made by Plaintiff are determined by this Court at one time.

18. This Court has power under MCR 2.605 to adjudicate the matters at issue and enter its Judgment declaring the rights of all parties to this action.

19. It is necessary for this Court to adjudicate and declare the rights of the parties to this action to guide Plaintiff's future conduct and preserve legal rights under the applicable insurance policy. This Court's determination will further resolve the Plaintiff's other claims and causes of action set forth herein.

**WHEREFORE**, Plaintiff, respectfully prays that this Court Order that the Defendant, Standard, has and shall provide coverage for all claims asserted by Plaintiff that arose as a result of Plaintiff's travels between Florida and Michigan, and for such other and further relief as is deemed just and equitable.

## COUNT II
## BREACH OF CONTRACT

20. The Plaintiff's restate and re-allege paragraphs 1-19 of General Averments and Count I, as this paragraph 20 of Count II.

21. By and between 11-9-2017, and current, Lemmen did moor and keep the afore-referenced Sunseeker Yacht in the State of Florida, and the State of Michigan.

22. Lemmen purchased the afore-referenced Yacht and took delivery of same in the State of Florida.

23. Lemmen between November 9, 2017, and November 9, 2018, did need to transport the subject Yacht from the State of Florida, to the State of Michigan, via navigable waters between Florida and Michigan, and Travelers was aware of and did allow said travels.

24. Pursuant to the purchase of the yacht, and the travels between Florida and Michigan, (and continuing to date), Lemmen sought Boat/Yacht insurance coverage covering their travels, the applicable yacht, and any damages that might arise to the yacht, from Standard.

25. Standard agreed to provide damage and other insurance coverage pursuant to the issuance of policy number 06016954398401, covering the subject yacht and applicable parties.

26. Standard agreed to provide such coverage for a period of time, inclusive of November 9, 2017-November 9, 2018.

27. Standard agreed to provide the applicable insurance coverage in exchange for the payment of a "Yacht Total Premium" from Lemmen to standard, in the base amount of $7,478.00, plus applicable riders and other increases of approximately $2,000.00.

28. Lemmen did tender payment in full for the insurance coverage.

29. In addition to the agreed upon base insurance coverage, Standard agreed to provide certain Navigational Warranty Endorsements covering "one way delivery trip leaving Ft. Lauderdale, FL on or about April 1, 2018, via Atlantic Waters to New York, then via Hudson River and Erie Canal, Lake Ontario, Lake Huron, and Lake Michigan to Grand

Haven, MI. Deductible during trip is 1%." See attached Exhibit A, incorporated herein by reference.

30. Lemmen travelled between Florida and the State of Michigan on or about April 1, 2018, and June 1, 2018, and did experience damage, salvage and towing fees for and to the yacht as a result of an accident sustained to the yacht.

31. Lemmen, as a result of the sustained damages, towing fees and salvage fees for the yacht, did incur in excess of $125,000.00 in expenses and claims.

32. Lemmen filed a notice of claim requesting reimbursement and coverage for the applicable damages and towing fees to the yacht, and said claim was denied.

33. The denial of the claims brought by Lemmen was and is a breach of the insurance claim coverage under policy number 6016954398401.

34. Travelers has breached the agreement between the parties as a result of their denial of coverage, and said breach is intentional, knowing and without just cause or reason.

35. The Plaintiff has sustained damages in excess of $125,000.00, plus attorney's fees and costs, and Travelers is liable for same.

36. The breach of the insurance agreement, by and between Lemmen and Travelers has resulted in Lemmen incurring the afore-stated damages, and these damages would not have been incurred, but for the breach by Travelers.

**WHEREFORE,** the Plaintiff, Brett and Paula Lemmen Family Trust, respectfully request that this Honorable Court enter an Order:

A.    Awarding a sum certain to Plaintiff, from Travelers in an amount certain in excess of $125,000.00;

B.    Awarding all attorneys fees and costs incurred by Plaintiff in pursuit of this action, to Plaintiff from Defendant;

C.    Awarding such other and further relief as is deemed just and equitable

)

## COUNT II
### INTENTIONAL MISREPRESENTATION

37. The Plaintiff restates and re-alleges paragraphs 1-36 herein, as this paragraph 37.

38. Travelers is in the business of providing insurance coverage for yachts and other motorized vehicles, including coverage for claims arising out the operation and travels of the yacht.

39. In November 2017, the Plaintiff sought insurance coverage for the afore-referenced Sunseeker yacht, seeking coverage for travels, damages, and liability related to the yacht operation, including travel in Florida, Bahamas and between Florida and Michigan.

40. In November 2017, Plaintiff and Travelers agreed that Travelers would provide insurance coverage for the yacht and its respective travels.

41. In November 2017, Travelers represented to Plaintiff, that they would provide coverage covering "one way delivery trip leaving Ft. Lauderdale, FL on or about April 1, 2018, via Atlantic Waters to New York, then via Hudson River and Erie Canal, Lake Ontario, Lake Huron, and Lake Michigan to Grand Haven, MI. Deductible during trip is 1%." See attached Exhibit A, incorporated herein by reference.

42. During the negotiations and discussions regarding insurance coverage for the applicable yacht, Plaintiff did inform Travelers that he would be travelling with the yacht between Florida and Michigan, on or about April 1, 2018, and needed coverage for said travels.

43. During the negotiations and discussions regarding insurance coverage for the applicable yacht, Travelers did affirmatively represent to Plaintiff that they would provide travel coverage for the applicable yacht, for travels between Florida and Michigan, on or about April 1, 2018.

44. On or about November 9, 2017, Travelers did represent to Plaintiff's, that they would provide insurance coverage, covering claims for damages, towing fees, salvage fees, and other miscellaneous costs associated with the subject yacht set forth herein above.

45. On or about November 9, 2017, Travelers did confirm said representations to Plaintiff's by providing written proof of insurance, setting forth the dates, times, and other parameters of the insurance coverage being provided.

46. Travelers intentionally misrepresented to Plaintiff, that Plaintiff would have applicable insurance coverage for any claims, damages, or other liabilities that arose to and against the yacht or Plaintiff during his travels to and from Florida and Michigan.

47. Travelers representations were false when they were made.

48. Travelers knew, or should have known that its representations were false when they were made or it made them recklessly without knowing whether they were true.

49. Travelers intended that Plaintiff rely on the representations, and the Plaintiff did rely upon said representations.

50. Plaintiff did rely on the representations made by Defendant, and did pay for and secure what he believed was applicable insurance coverage for his yacht and travels.

51. As a result of Travelers fraudulent misrepresentations, Plaintiff has suffered substantial economic losses in excess of $125,000.00, plus attorney's fees, costs and expenses.

**WHEREFORE**, the Plaintiff's respectfully request Judgment be entered in their favor, and against Travelers, in an amount in excess of $125,000.00, plus attorneys fees, costs and expenses, and for such other and further relief as is deemed just and equitable.

## COUNT III
## INNOCENT MISREPRESENTATIONS

52. The Plaintiff restates and re-alleges paragraphs 37-51 as this paragraph 52.

53. Travelers representations, as set forth in paragraphs 37-51, were made in connection with the making of a contractual agreement between Plaintiff and Defendant.

54. Plaintiff would not have entered into the contractual agreement with Travelers, if Travelers had not made the representations set forth herein.

55. Plaintiff suffered substantial economic losses as a result of entering into the contractual agreement with Standard, and the agreement benefited Travelers.

' WHEREFORE, the Plaintiff respectfully request Judgment be entered in their favor, and against Travelers, in an amount in excess of $125,000.00, plus attorneys fees, costs and expenses, and for such other and further relief as is deemed just and equitable.

## COUNT IV
## EXEMPLARY DAMAGES

56. Plaintiff incorporates paragraphs 37-55 as this paragraph 56.

57. Travelers representations were made intentionally and maliciously and have caused Plaintiff to suffer humiliation, outrage and indignation.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in Plaintiff's favor, against Travelers:

A.  For compensatory damages in an amount that is in excess of $125,000.00, plus attorneys fees and costs, and that is sufficient to compensate Plaintiff for his actual, consequential and incidental losses sustained as a result of Travelers wrongful actions;

B.  Award exemplary damages in an amount in excess of $125,000.00 resulting from Defendant's intentional and malicious actions,

C.  Award all interest, costs and reasonable attorney fees;

D.  Award such other and further relief as is deemed just and equitable.

## COUNT V
## PROMISSORY ESTOPPEL

58. The Plaintiff restates and re-alleges paragraphs 1-57 as this paragraph 58.

59. The Defendant, Travelers is engaged in the business of providing yacht insurance coverage for motorized yachts.

60. The Plaintiff owns and operates a motorized yacht as set forth herein above.

61. On or about November 9, 2017, Travelers explicitly promised Plaintiff that if Plaintiff tendered an insurance premium payment, that Travelers would provide insurance coverage covering any claims for damages, reimbursement, towing and salvage fees associated with the subject yacht.

62. On or about November 9, 2017, Travelers explicitly promised Plaintiff that Plaintiff would be provided insurance coverage for "one way delivery trip leaving Ft. Lauderdale, FL on or about April 1, 2018, via Atlantic Waters to New York, then via Hudson River and Erie Canal, Lake Ontario, Lake Huron, and Lake Michigan to Grand Haven, MI. Deductible during trip is 1%." See attached Exhibit A, incorporated herein by reference.

63. Travelers promise to provide coverage and to tender payment for related claims, was clear, definite, and unequivocal, and was specifically made to induce Plaintiff to tender the applicable insurance premium for the stated period, and to travel between Florida and Michigan.

64. In reliance upon the promises made by Travelers, and to the detriment of Plaintiff, the Plaintiff did pay all applicable insurance premiums, and did travel between Florida and Michigan with his yacht.

65. Unfortunately, during Plaintiff's travels between Florida and Michigan, the covered vessel, and Plaintiff incurred an accident, which caused accidental damages, loss and liabilities to the vessel and Plaintiff.

66. Despite Plaintiff's demands for insurance coverage, payment of all claims and expenses, Travelers has refused to make payment to Plaintiff, or any third party claimants against Plaintiff.

67. To avoid manifest injustice, this Court must specifically enforce Travelers promises to Plaintiff to cover all damages, losses and liabilities incurred by Plaintiff to the yacht.

68. At the time of making the promises to Plaintiff, and inducing action on Plaintiff's part, Travelers could and should have reasonably foreseen that their failures to perform pursuant to the promise would cause Plaintiff to suffer damages in the nature of those actually sustained by Plaintiff.

69. As a direct and proximate result of Defendant's failure to perform, Plaintiff has suffered damages in excess of $125,000.00, plus attorney's fees and costs.

70. Plaintiff is entitled to a Judgment in his favor, and against Travelers, compelling specific performance by Travelers of covering all damages sustained by Plaintiff during and as a result of his yacht's travels.

·' **WHEREFORE,** the Plaintiff respectfully prays that this Honorable Court enter a Judgment in his favor, and against Standard:

A.    Compelling Travelers to cover all damages and liabilities sustained by Plaintiff as a result of any accident occurring during his travels from Florida to Michigan; or in the alternative

B.    To render Judgment in favor of Plaintiff against Travelers, in the amount of $125,000.00, plus attorneys fee and costs;

C.    For such other and further relief as is deemed just and equitable.

## COUNT VI
## COMPLAINT FOR ERRORS & OMISSIONS AGAINST
## AJ GALLAGHER & COMPANY, INC., (dba Gallagher Charter Lakes)
## a Michigan Corporation,

71. The Plaintiff restates and re-alleges paragraphs 1-70 as this paragraph 71.

72. At all relevant times hereto, Defendant, Gallagher, was an insurance agency licensed by the State of Michigan and doing business in and through the County of Ottawa, State of Michigan.

73. The amount in controversy hereof, exceeds $125,000.00.

74. At all relevant times hereto, Gallagher employed various insurance agents and associate entities, including but not limited to, Marc(k) VanEpps, and, or AJ Gallagher RMS and gave him, her or they, the actual or apparent authority to act on behalf of Gallagher in selling insurance as a licensed insurance agent or agency for customers of Charter.

75. At all relevant times, Lemmen was the lawful titled owner of a 2017 Sunseeker Manhattan motor yacht, Hull ID No. XSK06701c617, which vessel was located in the State of Florida, and the State of Michigan, with its home mooring location as Ottawa County, Michigan.

76. Lemmen advised Gallagher or Gallaghers agents, in the course of his/her employment for Defendant agency, that they needed insurance on the motor yacht, and needed insurance covering travels between the State of Florida, and the State of Michigan,

.. which would allow them to travel in the various waterways between Florida and Michigan, commencing on or about April 1, 2017.

77. Gallagher and/or its agents promised Plaintiff that they would secure an insurance policy that covered damages, loss and liabilities that arose as a result of the applicable travels between Florida and Michigan, commencing on or about April 1, 2017.

78. Lemmen reasonably relied Gallaghers representations, and based on those representations, Lemmen purchased the insurance policy recommended by Gallagher and/or its agents.

79. On or about May 8, 2018, Lemmen did sustain certain damages and liabilities that resulted from an unintentional grounding of the motor yacht as Lemmen sought safety from storms and unfavorable conditions.

80. Lemmen timely notified Gallagher and Travelers of the damages and liabilities sustained by Lemmen, and submitted their claims therefore.

81. After the subject losses, Lemmen ascertained that, apparently, no coverage existed for his travels as was previously sought, and as a result, Travelers and Gallagher claim that no coverage exists and no claims will be paid.

82. At all times relevant hereto, Gallagher and/or its agents, owed Lemmen the following duties, listed by way of example and not intended to be exclusive, to wit:

    a.    To not misrepresent the nature or extent of the coverage offered or to be procured;

    b.    To clarify any ambiguous or incapable activities or requests;

    c.    To properly and accurately complete all necessary forms and follow all proper procedures in obtaining insurance coverage on the motor yacht;

    d.    To take all appropriate measures so that the policy of insurance provided the requested coverage consistent with the representations made to Lemmen;

    e.    To make accurate representations and to not deceive, mislead, misrepresent, or take unilateral actions with or upon any information or policy related issues that might arise;

    f.    To advise Lemmen if the insurance coverage issued by Travelers did not

cover the property for its travels a requested by Plaintiff;

    g.    To provide insurance services and to procure insurance coverage consistent with their representations;

    h.    To provide proper insurance coverage, based upon the Plaintiff's needs and stated travels, and to not improperly modify, limit, change or otherwise alter those coverages or representations.

83. Gallagher breached their duties, among others, and were therefore negligent in their fiduciary and other duties to Lemmen.

84. As a direct and proximate result of Gallagher's negligence, Lemmen has suffered substantial losses that were not insured or were underinsured, or improperly insured, under the insurance coverage provided, despite Gallagher having represented to Lemmen that the motor yacht would be fully and properly covered for any sustained damages that might arise during its travels between Florida and Michigan.

85. As a further direct and proximate result of Defendant's negligence, Plaintiff has also sustained consequential damages, including attorney fees and legal expenses.

**WHEREFORE,** the Plaintiff, respectfully prays that this Honorable Court enter Judgment in favor of Plaintiff, against Gallagher, for whatever amount in excess of $125,000.00, the Court deems fair, just and equitable, including consequential damages, plus interest, costs and attorney fees, and for such other and further relief as is just and equitable.

May 8, 2019

Brett and Paula Lemmen Family Trust, by its attorney, James A. Marek